```
1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTEN McCALLUM and CHRISSY JEWELL,<br><br>      Plaintiffs,<br><br>v.<br><br>JAMES RITTER; HOLY CROSS LUTHERAN CHURCH OF SPOKANE; and THE NORTHWEST DISTRICT OF THE LUTHERAN CHURCH MISSOURI SYNOD,<br><br>      Defendants. | NO. CV-08-169-RHW<br><br>**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND DOCUMENTS** |

     Before the Court is the parties's Stipulated Protective Order for Confidential Information and Documents. The Court finds that good cause exists to enter the Stipulated Protective Order.

     The following Protective Order is hereby **ENTERED** in the above-captioned case:

**I.    CONFIDENTIAL INFORMATION AND/OR DOCUMENTS**

     Pursuant to the Stipulation for Protective Order for Confidential Information and Documents submitted by the parties, this Order is intended to specify the handling of all documents, records, things, or information produced in this litigation by any party that is designated as "Confidential" and provided to or from Plaintiffs' counsel or to or from Defendants' counsel.

     **A.    Confidential Information**.

     "Confidential" information is defined, for purposes of this Protective Order,

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND DOCUMENTS ~ 1**

as any and all information related to information contained within Plaintiffs' medical or psychological records, deposition testimony and exhibits related to Plaintiffs' medical or psychological treatment, including information related to Plaintiffs' sexual history or behavior (if any).

Absent a court order, "Confidential" information shall not be disseminated beyond defendants' insurance carrier representative; Defendants' counsel; persons employed with counsel or retained by counsel as consulting and/or trial experts; Pastor Mike Von Behren, Mike Faulkenberry, Barry Hilt, and Margaret Hansen of the Holy Cross Church; and William Schumacher, Jenny McIvor, and Richard Weniger of the Northwest District. Persons receiving such "Confidential" information shall receive access to "Confidential" information only upon certification of compliance with the terms of this Stipulation as provided in Section V of this Order.

**B.     Confidential Documents.**

"Confidential" documents are defined, for purposes of this Order, as any and all of Plaintiffs' medical or psychological records, deposition transcripts and exhibits related to Plaintiffs' medical or psychological treatment, including information related to Plaintiffs' sexual history or behavior (if any).

"Confidential" documents shall be provided only to Defendants' counsel, persons employed with defendants' counsel or persons retained by defendants' counsel as consulting and/or trial experts, but only upon certification of compliance with the terms of this Stipulation as provided in Section V of this Order.

Pastor Mike Von Behren, Mike Faulkenberry, Barry Hilt, and Margaret Hansen of the Holy Cross Church; and William Schumacher, Jenny McIvor, and Richard Weniger of the Northwest District will not be provided access to or copies of Plaintiffs' medical or psychological records without a court order or Plaintiffs' prior written consent.

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND DOCUMENTS** ~ 2

1  **C.    Procedures for Filing Confidential Information and/or**
2  **Documents**.
3  The following procedure is to be used when filing such information,
4  documents or pleadings that contain or reference such documents, pleadings or
5  information:  The parties shall address with the Court the procedure it requires to
6  address the filing of "Confidential" information and/or documents and counsel will
7  abide by those provisions established by the Court.
8  **II.    IDENTIFICATION AND PRODUCTION OF CONFIDENTIAL**
9  **INFORMATION AND/OR DOCUMENTS**
10  Any party may move the Court for an order requiring in camera review by
11  the court of any information or document identified as "Confidential" to determine
12  if such information or document falls within the terms of this Stipulation.
13  However, prior to any motion for an order for in camera review, the parties shall
14  meet and confer in a reasonable effort to come to an agreement regarding
15  classification of, production of, or use of any confidential information or
16  document.
17  **III.   USE OF CONFIDENTIAL INFORMATION AND/OR DOCUMENTS**
18  All persons authorized to obtain access to any confidential information or
19  documents, or any copies thereof, pursuant to this Order shall not use, copy or
20  disseminate such confidential information or documents for any purpose other than
21  litigation of this matter.  Use of confidential information or documents for oral
22  and/or written dissemination to any member of the public; any member of the
23  media including radio, television, print, digital, optical, or otherwise via computer,
24  telephone, facsimile, or any other communication medium; or any person not
25  otherwise specifically authorized herein, is STRICTLY PROHIBITED unless
26  otherwise permitted by court order.
27  All persons authorized to obtain access to confidential information,
28  documents or any copies thereof, shall store such information and any and all

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL
INFORMATION AND DOCUMENTS** ~ 3

reports or notes made thereof in a safe place and that all copies are to remain in the custody of such designated persons as identified herein.

## IV.   NONWAIVER OF OBJECTIONS TO DISCOVERY

Nothing herein shall affect any party or person's right to object to any discovery request in this action, including the right to assert that no discovery should be had of certain documents or information.

## V.   CERTIFICATION OF COMPLIANCE

No person authorized under the terms of this Order to receive access to documents designated as either "Confidential" shall be granted access to them until such person has read this Order and agreed in writing to be bound by signing a copy of the form attached hereto as Exhibit "A" and delivering same to counsel for the party that has produced or will be producing documents or information marked as "Confidential."

## VI.   INADVERTENT DISCLOSURE

The inadvertent or unintentional disclosure by the producing party of confidential information or documents either by way of document production or testimony, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  It shall be the obligation of all counsel, upon hearing of any breach or reasonable belief of an intent to breach this Order by any person, promptly to notify counsel for the opposing party of such breach or intent to breach.

## VII.   PROCEDURE UPON DISPOSITION

The provisions of this Protective Order shall not terminate at the conclusion of this litigation. Absent any court order to the contrary, within 30 days after disposition or settlement, confidential information or documents and all copies of same, and all documents containing or referring to confidential information not in the possession of counsel or Church Mutual, shall be returned to the party or

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND DOCUMENTS** ~ 4

person's counsel for immediate destruction.  All parties or persons that received confidential information shall make certification of compliance with this section and shall deliver same to counsel for the party or person that produced the documents within 30 days after the disposition of this claim.  Counsel and Church Mutual (the latter which will only have references to confidential information) who retain confidential information and/or documents shall keep those documents and/or information consistent with their record retention policies.

## VIII. INTERIM PROTECTION

"Confidential" documents or information, if any, produced by a party through discovery in this action prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if the Order had been entered by the Court prior to such production, unless the Court otherwise directs.

Accordingly, **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of June, 2009.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\McCallum\prot.ord.wpd

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION AND DOCUMENTS ~ 5**

# EXHIBIT A

1. I, _____, have read the Protective Order ("Order") entered in *McCallum, et al. v. James Ritter, et. al.*, U.S. District Court of Eastern Washington, Docket No. CV-08-169-RHW, and agree to be bound by its terms with respect to any documents, material or information designated by the parties or otherwise treated under the Order as either "Confidential" that are furnished to me as set forth in the Order.

2. I further agree not to: (i) disclose to anyone any documents, materials or information designated by the parties or otherwise treated under the Order as either "Confidential" other than as set forth in the Order; and (ii) make any copies of any documents, material or information designated by the parties or otherwise treated under the Order as either "Confidential" furnished to me except in accordance with the Order.

3. I hereby consent to venue and jurisdiction in the U.S. District Court of Eastern Washington, with regard to any proceedings to enforce the terms of the Order.

Dated:  _____

_____
Signature